No. 15,541.

SCHREIBER v. SCHREIBER.
(170 P. [2d] 536)

Decided June 17, 1946.

Mr. BENJAMIN C. HILLIARD, JR., for plaintiff in error.

Messrs. FOARD BROTHERS, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties, husband and wife, appeared in reverse order in the trial court. They are hereinafter referred to as Mr. Schreiber and Mrs. Schreiber, respectively.

Mrs. Schreiber sued for divorce on the ground of cruelty. Mr. Schreiber denied, and counterclaimed on the same ground. July 28, 1942, at a hearing at which the parties and their attorneys (Mr. Schreiber then and theretofore represented by one Ditsch) were present, an interlocutory decree was entered for Mr. Schreiber. It presumably became final January 29, 1943. On the question of division of property the cause was continued to February 9, 1943.

March 25, 1943 a final decree, dated February 9, 1943, was filed, wherein, on stipulation of counsel, it was ordered that the title to certain real estate should "remain in the names of both parties as it now stands." On that date Ditsch still appeared for Mr. Schreiber although on the preceding date a "motion for division of property" had been filed by Hilliard as "attorney for defendant." Later (the date not disclosed by the record) Hilliard, "attorney for defendant," filed a motion to vacate a portion of the decree, i. e., that portion relating to the real estate, on the ground that, at the date of the above mentioned stipulation, Ditsch "was wholly without authority to make or enter into such a stipulation." Said motion to vacate was heard in open court August 13, 1943, and denied. Mr. Schreiber prosecutes this writ and assigns three errors, i. e., (1) The overruling of the motion to vacate a part of the decree; (2) failure to rule on the motion for a division of property; (3) want of jurisdiction to enter the order for a division of property.

These assignments can best be treated together and are disposed of by the foregoing and an additional statement of what the record discloses.

On the hearing of August 13, 1943 the court reviewed its former action on the question of the division of the real estate, considered the question of the conflict of authority as between Hilliard and Ditsch, and the merits of the claims of the respective parties. At that time Hilliard represented Mr. Schreiber. The evidence there taken, with the arguments and colloquy, covers 180

folios. Sixteen exhibits were introduced, largely correspondence, but including a transcript of the proceedings of February 9, 1943. Both parties and their attorneys, Foard and Hilliard, as well as Ditsch, testified. The court, in oral findings preceding the denial of the motion to vacate a portion of the decree, held that Mr. Schreiber was present in person on said February 9, agreed in open court that 780 acres of land stood in the joint names of the parties and that the court should enter an order that they were joint owners; that prior to the entry of the final decree the court had no information of any change in counsel for Mr. Schreiber, and that up to August 13, 1943, no notice of the discharge of Ditsch and the substitution of Hilliard ever appeared of record save the signature of Hilliard to his two motions.

It therefore clearly appears that whether Hilliard or Ditsch was in fact attorney for Mr. Schreiber on February 9, 1943, or March 25, 1943, and whether the order for a division of the real estate was entered when Mr. Schreiber was or was not properly represented, are wholly immaterial. The court specifically found that Mr. Schreiber was in court in person when the order for division was made, had it all carefully explained to him and unequivocally approved it. Moreover, the record discloses that on August 13, 1943 the entire matter was examined and reviewed, all angles of it subjected to careful scrutiny, and the court then, with all possible evidence before it, refused to modify its decree and reaffirmed it as in every particular just and right. The record discloses no reason to disagree with such findings.

The judgment is affirmed.

MR. JUSTICE HILLIARD not participating.